SCHOTT, Judge.
Isaac Booth instituted this suit in behalf of his minor daughter to recover damages she sustained from an electrical shock from a wire at the base of a light standard on Wales Street in New Orleans. The defendants were the City of New Orleans and New Orleans Public Service, Inc. (NOPSI). The City settled with plaintiff for $800.00 and proceeded with its third party demand against NOPSI for indemnity or contribution based on a contract between these parties. From a judgment granting the City full indemnity NOPSI has appealed. The sole issue is whether or not the trial court correctly interpreted the contract.
The relevant sections of the contract are as follows:
SECTION V. DAMAGES TO PERSON OR PROPERTY
Company shall indemnify and save harmless City from all suits and actions that may be brought against it by reason or any injury or alleged injury to the person or property of another resulting from negligence or on account of any act of commission or omission on the part of Company, its representatives or employees in supplying the services provided for herein; provided, however, that City expressly agrees and understands that company assumes no obligation by virtue of any provision or section of this Contract, including, but not limited to this Section V, to inspect for outages, malfunctions, deterioration, wear and tear, equipment failure, or damage and in this regard further agrees that Company’s failure to so inspect shall not render Company liable to City under any circumstances.
SECTION XVI MAINTENANCE
All street lighting units and those special installations maintained and operated by Company at fixed rates shall be legibly numbered for indentification and properly maintained by Company.... *1232 Maintenance, as contemplated herein, shall include repair of all street lighting units, those special installations maintained and operated by company at fixed rates and associated street lighting equipment where such repair is required due to deterioration and where repair is practical and_ damaged either accidentally or maliciously by any third party....
The evidence established that the child had come into contact with live wires through a hole at the base of the standard. This hole was supposed to have a cover over it but following the accident NOPSI personnel found that the cover was missing. The purpose for the hole was to provide access to the wires in order to interrupt the electrical current when this became necessary for repairs to the light. The cover could be easily removed by anyone with a screwdriver.
NOPSI’s principal argument is that it cannot be liable under the contract for damages if it has not been given notice of the defect in the standard. It admits to the obligation under Section XVI to repair once it receives notice, as indeed it made the repairs in this instance; but it argues that Section V dispenses it absolutely from the obligation to inspect the standards.
The trial judge found that this accident happened because the cover had not been securely fastened to the light pole. There is support for this conclusion in the testimony of NOPSI’s witness that anyone with a screwdriver could easily remove the cover. Since it could be removed so easily it can be said that it was not securely fastened to the pole and that this constituted an inherent defect in it. If NOPSI had designed and built this standard perhaps it would be presumed to have knowledge of such a defect without notice from the City; but there is no evidence in the record that NOPSI had anything to do with the light standard except to maintain it after it was built by and supplied to the City by some unknown party.
The contract between the parties obliges NOPSI to maintain the standards. It clearly and unambiguously places the burden of inspection of the standards and discovery of defects on the City and conditions NOPSI’s obligation to make repairs on its receiving notice of defects from the City. The judgment of the trial court is erroneous as a matter of law.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of third party defendant, New Orleans Public Service, Inc. and against third party plaintiff, The City of New Orleans, dismissing the third party demand at its cost.
REVERSED AND RENDERED.